FILED

2005 Nov-16  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

OZZIE'S PADDER OF NORTH
AMERICA,

     Plaintiff,

vs.                        CASE NO. CV-04-J-2513-S

HAINES CONSTRUCTION COMPANY
INC., et al.,

     Defendants.

## <u>MEMORANDUM OPINION</u>

Pending before the court is defendants Haines Construction Company, Inc., and Quanta Services Inc.'s motion for summary judgment (doc. 42) and memorandum and affidavit in support of said motion (docs. 43 and 44). The plaintiff filed an opposition to said motion, or alternatively, a Rule 56(f) motion to stay (doc. 45), a memorandum in support of its opposition (doc. 46) and an affidavit in support of the Rule 56(f) motion (doc. 47). The court granted the plaintiff's Rule 56 (f) motion and allowed the plaintiff until September 15, 2005, to file an additional response to the defendants' motion (doc. 48). Thereafter, the plaintiff requested another extension (doc. 52), which the court again granted, allowing the plaintiff until November 15, 2005, to respond to the outstanding motion for summary judgment (doc. 55). That deadline now having passed, and the plaintiff having submitted no further response, the court considers the pending motion for summary judgment on the pleadings, evidence and memoranda currently before the court.

## FACTUAL BACKGROUND

The sole issue raised by defendants' motion for summary judgment is whether defendant Quanta Services, Inc., ("Quanta") should be dismissed from this action. Defendants argue that defendant Haines Construction Company, Inc., ("Haines") is a wholly owned subsidiary of Quanta, and that Quanta was not a party to the transaction between plaintiff and defendant Haines.  Therefore, defendants argue Quanta can have no liability for the actions of Haines.  Defendants' memorandum (doc. 43), at 1, 3.

The underlying facts of this case arise from a construction contract on a pipeline project, and are not in dispute.  Defendant Enbridge Midcoast Energy ("Enbridge") was the owner of the project.  Amended complaint, ¶ 8.  Defendant Haines contracted with Enbridge and thereafter subcontracted with the plaintiff to perform drilling in connection with the project.  Amended complaint, ¶¶ 7, 11-14. The plaintiff asserts that it has not been paid in full for its work under its subcontract with Haines.  Amended complaint, ¶¶ 26-27.  This suit for breach of contract and other state law claims followed.

The dispute before the court is whether defendant Haines ceased business operations, therefore creating some liability on the part of defendant Quanta to pay the outstanding amount.   According to the defendants, the relationship between Haines and Quanta is as follows:

On September 15, 1999, Haines Construction Company was purchased by Quanta and merged into Quanta's wholly owned subsidiary Quanta XXIX Acquisition, Inc.  Quanta XXIX Acquisition, Inc., the changed its name to Haines Construction Company.  In September, 2001, the plaintiff subcontracted with this entity, Haines Construction Company, to perform the work in question.  Exhibit A to amended complaint.  Thereafter, on December 31, 2003, Haines Construction Company was merged into Dillard Smith Construction Company, another wholly owned subsidiary of Quanta.  Defendants' memorandum, at 3-4; defendant's answers to interrogatories, number 2 (submitted as exhibit A to affidavit of Gregory Spalj (doc. 44)).  Neither party postulates as to the possible liability of non-party Dillard Smith Construction Company.

Plaintiff's response consists solely of asserting that defendants have produced no evidence of the above allegations.  Because plaintiff stated it needed to obtain discovery on these very allegations, the court has postponed ruling on the pending motion for five months.

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 (1986).   As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.P. 56(e).  In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its

favor." *Chapman v. AL Transport*, 229 F.3d 1012, 1023 (11th Cir.2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir.1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

## LEGAL ANALYSIS

In its response to the defendants' motion, the plaintiff asserts that it "has a good faith belief to assert Quanta somehow merged with Haines possibly assuming its liabilities." Plaintiff's response, at 11. However, the plaintiff has offered the court no evidence of this conjecture, nor requested additional time to acquire evidence in support of this conjecture. Under Alabama law, a corporation is a legal entity existing separate and apart from other legal entities, such as its shareholders. *Simmons v. Clark Equip. Credit Corp.,* 554 So.2d 398, 400 (Ala.1989). The mere fact that one party, including a corporation, owns all the stock in another corporation does not destroy the separate corporate entities. *See Messick v. Moring,* 514 So.2d 892, 895 (Ala.1987). A parent corporation is not liable for the actions of its subsidiary "unless the parent corporation so controls the operation of the subsidiary as to make it a mere adjunct, instrumentality, or alter ego of the parent corporation." *Nobles v. Rural Community Ins. Services,* 303 F.Supp.2d 1279, 1288 (M.D.Ala.2004). *See also Oxford Furniture Companies, Inc. v. Drexel Heritage Furnishings, Inc*,. 984 F.2d 1118, 1126 (11th Cir.1993); *Environmental Waste Control, Inc. v. Browning-Ferris*

*Industries, Inc.*, 711 So.2d 912, 914 -915 (Ala.1997); *Ex parte Baker,* 432 So.2d 1281 (Ala.1983). The plaintiff has presented no evidence that Quanta so controlled the affairs of Haines Construction Company that it could be held liable for the alleged breach of contract.

In considering the pleadings, evidence and memoranda before it, the court is of the opinion that the plaintiff has not met its burden to demonstrate that there is a genuine issue for trial. Although the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), the plaintiff here has not done so.

## CONCLUSION

Given the complete failure of proof on an element material to the plaintiff's claim against defendant Quanta, the court must grant summary judgment on behalf of defendant Quanta and against the plaintiff on all counts of the complaint. The court will so rule by separate order.

**DONE** and **ORDERED** this the 16th day of November, 2005.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

6